# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

JOSHUA ALLEN SMITH                                                    PLAINTIFF

v.                              NO. 1:15-cv-00070 JLH/PSH

JOE PAGE, AUNDREA WEEKLY,                                          DEFENDANTS
VERNON ROBERTSON, and BILLY COWELL

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## FINDINGS AND RECOMMENDATION

INTRODUCTION. The defendants who remain in this case, Joe Page ("Page"), Aundrea Weekly ("Weekly"), and Vernon Robertson ("Robertson"), have filed the pending motion for summary judgment. See Document 66.[1] For the reasons that follow, the undersigned recommends that the motion be granted, the claims against them be dismissed with prejudice, the complaint be dismissed, and judgment be entered for all of the defendants.

PLEADINGS. Plaintiff Joshua Allen Smith ("Smith") began this case by filing a complaint pursuant to 42 U.S.C. 1983 and joining Page, Weekly, and Robertson.[2] Smith alleged that he was never properly fitted with footwear while incarcerated at the Arkansas Department of Correction's Grimes Unit ("Grimes Unit"). Instead, he was forced to walk barefoot or with boots or shower shoes so small they "cut, blistered, damaged, or … [scarred] [his] feet." See Document 2 at CM/ECF 4. Smith alleged that the defendants were aware of his need for footwear but chose to disregard the need.

---

[1]

Page, Weekly, and Robertson appear to have filed their motion pursuant to Federal Rule of Civil Procedure 56. The rule provides, in part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

[2]

Smith joined Page, Weekly, and Robertson in their official and individual capacities and sought monetary and non-monetary relief. Smith's claim for monetary relief against Page, Weekly, and Robertson in their official capacities was later dismissed because the claim was barred by the Eleventh Amendment. See Documents 32, 34.

Smith also joined Billy Cowell ("Cowell"). Smith's claims against Cowell were later dismissed. See Documents 65, 70.

The defendants eventually filed the pending motion for summary judgment. In the motion, they maintained that Smith had failed to meet his burden of proving deliberate indifference to a serious medical need and, as a result, they are shielded from liability by qualified immunity.

Smith was notified of his right to file a response to the defendants' motion for summary judgment. Although Smith obtained an extension of time for filing a response, he filed nothing, and the time for doing so has now passed.

FACTS. Page, Weekly, and Robertson accompanied their motion for summary judgment with a statement of material facts as required by Local Rule 56.1(a). See Document 67. Smith filed nothing in response. Because he did not controvert the facts contained in the statement, those facts are deemed admitted. See Local Rule 56.1(c). The defendants' statement, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute. Those facts are as follows:

1. Beginning in August of 2014, Smith was housed at the Grimes Unit where Page, Weekly, and Robertson were employed. See Document 2 at CM/ECF 1-2, Document 41 at CM/ECF 1, Document 67 at CM/ECF 1.

2. Smith has exceptionally large feet and testified during his deposition that he wears size 18 EEEE footwear. See Document 66, Exhibit A at CM/ECF 8.

3. When he arrived at the Grimes Unit, he had no footwear but was only wearing socks on his feet. See Document 66, Exhibit A at CM/ECF 6-7.

4. He was given a pair of size 16 boots and was told that efforts would be undertaken to obtain other footwear for him. <u>See</u> Document 66, Exhibit A at CM/ECF 6-8.

5. Instead of wearing the size 16 boots, he continued to wear socks on his feet. <u>See</u> Document 66, Exhibit A at CM/ECF 6-7.

6. Employees at the Grimes Unit thereafter ordered, and provided him with, boots in sizes 17, 18, 19, and 20. <u>See</u> Document 66, Exhibit A at CM/ECF 7-8; Document 66, Exhibit B; Document 66, Exhibit C; Document 67 at CM/ECF 1-2.

7. For instance, he received a pair of size 18 boots on September 3, 2014, and a pair of size 20 boots on September 30, 2014. <u>See</u> Document 66, Exhibits B and C.

8. Beginning in September of 2014, Smith sought medical attention for his feet at the Grimes Unit infirmary; the defendants' summary of the medical record is as follows:

> On September 17, 2014, Smith went to medical for foot pain. Medical noted that Smith had a mild hallux valgus (deformity) to the big toes and blisters to all toes. Medical also noted that Smith had "no serious medical need for medical shoes." …

> On October 7, 2014, Smith went to medical at the request of security for the nurse to evaluate if his current shoes were fitting properly. The nurse noted that Smith was wearing his shoes with the laces untied. But with Smith's shoe laces tied, she "[p]alpated foot while [Smith] was standing and there was enough room for full expansion of foot. With heel to toe walking there was not free movement of feet." The nurse concluded that Smith had "properly fitting Brogans." …

> On November 13, 2014, Smith questioned medical about the accuracy of medical personnel's measurement of his feet. The nurse documented that she "discussed the case with health services administrator and he reported that [Smith] had an accurate measurement of feet." …

> On December 22, 2014, medical noted that Smith had "one healing

blister." ...

On January 22, 2015, medical found that Smith had "healing blisters with callus formation." ...

On May 9, 2015, medical documented that Smith had "callouses" and "RT ankle/heel pain." ...

On May 18, 2015, medical found "no swelling or signs of joint effusion" and no damage caused by Smith's shoes. ...

See Document 67 at CM/ECF 2-3.

9. On October 6, 2014, Smith filed a grievance challenging his failure to receive

properly fitting footwear; in the grievance, he alleged the following:

On or about Sep. 30 I was called to the Major office he gave me the foot wear that I was requesting, but he gave me boot[]s that are [two] sizes [too] big. I explained this issue to the major and I respectfully asked him to help me get the proper size that I need. [H]e replied no. Wearing this footwear that is two sizes [too] big will blister and hurt my feet, thus I am in the same [predicament] I was [before] with no foot wear. The Grimes unit administration has showed a deliberate [indifference] to my needs. This is a form of [cruel] and usual punishment. Grimes Unit staff has made fun of me because of the situation [I am in]. The officers involved have either [given] me footwear too large or [too] small or nothing at all. And made numerous comments about my situation. This show[]s that what's being done to me is [malicious] and [sadistic] to cause me harm.

See Document 66, Exhibit D at CM/ECF at 1.[3]

---

[3]

Although the defendants only filed portions of Smith's deposition, separate defendant Cowell filed the entire deposition in connection with his motion for summary judgment. See Document 62, Exhibit B. Smith testified to having filed "probably 100" grievances regarding his improper footwear. See Document 62, Exhibit B at CM/ECF 24. The undersigned does not have the benefit of those grievances.

10. Robertson responded to the grievance and noted, <u>inter alia</u>, that Smith had been issued a pair of size 20 boots, and Smith reported that the boots were "a little big but they would work." <u>See</u> Document 66, Exhibit D at CM/ECF at 1.

11. Robertson noted that Smith reported being called "big foot" by personnel at the Grimes Unit, but Robertson denied making fun of, or laughing at, Smith because of his exceptionally large feet. <u>See</u> Document 66, Exhibit D at CM/ECF at 1.[4]

12. In November of 2015, Smith was transferred from the Grimes Unit. <u>See</u> Document 41 at CM/ECF 1; Document 62, Exhibit B at CM/ECF 13.

<u>ANALYSIS</u>. A prisoner's challenge to his medical care is analyzed under the Eighth Amendment. <u>See</u> <u>Gregoire v. Class</u>, 236 F.3d 413 (8th Cir. 2000). He must show that the defendants acted with deliberate indifference, <u>i.e.</u>, that the defendants knew of but disregarded his serious medical need. <u>See</u> <u>Saylor v. State of Nebraska</u>, 812 F.3d 637 (8th Cir. 2016). The deliberate indifference standard has both objective and subjective parts. <u>See</u> <u>Id</u>. The prisoner must show that he suffered from an objectively serious medical need and that the defendant actually knew of but deliberately disregarded the serious medical need. <u>See</u> <u>Id</u>. The subjective part is "an extremely high standard that requires a mental state of more … than gross negligence." <u>See</u> <u>Id</u>. at 644 [internal quotations omitted]. "It requires a mental state akin to criminal recklessness." <u>See</u> <u>Id</u>. [internal quotations omitted].

---

[4]

The record is silent as to the disposition eventually made of Smith's grievance.

Smith alleges that the defendants were deliberately indifferent to his serious medical need, i.e., that they knew of his need for appropriate footwear but disregarded his need and forced him to walk barefoot or with boots or shower shoes that cut, blistered, damaged, and scarred his feet. Applying the law to the facts of this case, the undersigned finds that Smith's claim warrants no relief and the defendants are entitled to judgment as a matter of law. The undersigned so finds because Smith has failed to show that the defendants deliberately disregarded his need for appropriate footwear.[5]

Smith arrived at the Grimes Unit wearing only socks on his feet. The blame for his lack of footwear cannot be placed at the feet of Page, Weekly, or Robertson as they were not responsible for Smith's footwear prior to his arrival at the Grimes Unit. Once Smith arrived, his need for footwear was not ignored by the defendants. He was given a pair of size 16 boots. They did not fit his feet, but he was told that efforts would be made to obtain other footwear for him. He acknowledges, as he must, that those efforts were undertaken as he was subsequently provided with boots in sizes 17, 18, 19, and 20. Although the boots did not fit precisely, the undersigned credits Robertson's notation that Smith reported the size 20 boots, while a little big, "would work." Moreover, a nurse noted in an October 7, 2014, progress report that Smith was wearing "properly fitting Brogans." Given Robertson's notation and the nurse's report, it cannot be said that the defendants were deliberately indifferent to Smith's serious medical need.

---

[5]

The undersigned assumes without deciding that Smith's need for appropriate footwear was a serious medical need.

To the extent Robertson's notation and the nurse's report cannot be credited, it still cannot be said that Page, Weekly, or Robertson were deliberately indifferent to Smith's serious medical need. It is true the defendants did not provide Smith with precisely fitting footwear, but the undersigned knows of no authority for the proposition that the Constitution requires an inmate be provided with precisely fitting footwear. He was instead provided with reasonable footwear, and the boots were adequate.

Liberally construing Smith's <u>pro se</u> pleadings, he appears to maintain that there was an unreasonable delay in providing him with footwear. Although a delay in responding to a serious medical need can give rise to an actionable Eighth Amendment claim, <u>see</u> <u>Plemmons v. Roberts</u>, 439 F.3d 818 (8th Cir. 2006), there was no such violation in this instance. Smith entered the Grimes Unit in August of 2014, and he was immediately issued a pair of size 16 boots. He was given a pair of size 18 boots on September 3, 2014, and was given a pair of size 20 boots on September 30, 2014. Given the speed with which Page, Weekly, and Robertson attempted to address Smith's need for properly fitting footwear, it cannot be said that the defendants unreasonably delayed in attempting to meet his medical need.

Liberally construing Smith's <u>pro se</u> pleadings, he appears to maintain that he was denied, or there was a delay in his receipt of, adequate medical attention for his feet. The undisputed facts establish otherwise. He sought and received medical attention for his feet on seven occasions between September of 2014 and May of 2015, and there is nothing to suggest that the attention did not address his medical issues.

Liberally construing Smith's pro se pleadings, he appears to maintain that he was ridiculed or laughed at for his exceptionally large feet. Assuming without finding that Page, Weekly, or Robertson ridiculed or laughed at Smith, the assertion fails to state a constitutional violation. See Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985) (calling inmate obscene name is not Constitutional violation); Smith v. Fatoki, 2016 WL 7116612 (E.D.Mo. 2016) (Limbaugh, J.) (laughing at inmate for not knowing medical terminology is not Constitutional violation).

RECOMMENDATION. There is no genuine dispute as to any material fact, and Page, Weekly, and Robertson are entitled to judgment as a matter of law.[6] Their motion for summary judgment should therefore be granted, and Smith's claims against them should be dismissed with prejudice. Smith's complaint should be dismissed, and judgment should be entered for all of the defendants.

DATED this 18th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6]

The undersigned has not specifically addressed Page, Weekly, and Robertson's assertion of qualified immunity. The undersigned has not done so because Smith has failed to show that the facts, viewed in the light most favorable to him, demonstrate the deprivation of a constitutional or statutory right. See Saylor v. State of Nebraska, supra.